# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD DUNN and NICOLE DUNN, on behalf of themselves and all others similarly situated, | No.: 1:20-CV-05848 |
| Plaintiffs, | |
| v. | |
| PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES, | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES

Defendant, PHH Mortgage Corporation d/b/a PHH Mortgage Services ("PHH"), answers the Complaint of Plaintiffs, Donald and Nicole Dunn ("Plaintiffs"), and asserts affirmative defenses as follows:

## NATURE OF THE ACTION

1.      The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, PHH denies that it violated the Truth in Lending Act ("TILA") or Regulation Z. Plaintiffs' claims for violation of the New Jersey Consumer Fraud Act ("NJCFA") have been dismissed by order of the court dated March 9, 2021, and, therefore, no response is required to the extent the allegations in this paragraph relate to Plaintiffs' NJCFA claims.

2.      The allegations in this paragraph are conclusions of law to which no response is required. To the extent any of these allegations are deemed factual, PHH denies that it violated the TILA or Regulation Z and denies that it was required to list proceeds from Plaintiffs' property insurance claims on payoff statements it issued. Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and, therefore, no response is required to the extent the allegations in this paragraph relate to Plaintiffs' NJCFA claims.

3.      The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that it violated the TILA or Regulation Z and denies that it was required to list proceeds from Plaintiffs' property insurance claims on payoff statements it issued. Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and, therefore, no response is required to the extent the allegations in this paragraph relate to Plaintiffs' NJCFA claims.

4.      The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, PHH denies that it violated the TILA or Regulation Z and denies that it was required to list proceeds from Plaintiffs' property insurance claims on payoff statements it issued. Plaintiffs'

claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and, therefore, no response is required to the extent the allegations in this paragraph relate to Plaintiffs' NJCFA claims.

## PARTIES

5.      PHH lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

6.      Denied as stated. PHH's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. PHH admits only that it does business in the state of New Jersey, that it is a wholly owned subsidiary of Ocwen Financial Corporation, and that it provides mortgage loan servicing.

7.      The allegations in this paragraph are conclusions of law to which no response is required.

8.      Admitted.

## JURISDICTION AND VENUE

9.      The allegations of this paragraph are legal conclusions to which no response is required.

10.      The allegations of this paragraph are legal conclusions to which no response is required.

## THE TRUTH IN LENDING ACT ("TILA") AND REGULATION Z

11.     The allegations of this paragraph are legal conclusions to which no response is required.

12.     The allegations of this paragraph are legal conclusions to which no response is required.

13.     The allegations of this paragraph are legal conclusions to which no response is required.

14.     The allegations of this paragraph are legal conclusions to which no response is required.

15.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

16.     The allegations of this paragraph are legal conclusions to which no response is required.

17.     The allegations of this paragraph are legal conclusions to which no response is required.

18.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

19.     The allegations of this paragraph are legal conclusions to which no response is required.

20.     The allegations of this paragraph are legal conclusions to which no response is required.

21.     The allegations of this paragraph are legal conclusions to which no response is required.

22.     The allegations of this paragraph are legal conclusions to which no response is required.

23.     The allegations of this paragraph are legal conclusions to which no response is required.

**<u>NEW JERSEY CONSUMER FRAUD ACT ("NJCFA")</u>**

24.     The allegations of this paragraph are legal conclusions to which no response is required.

25.     The allegations of this paragraph are legal conclusions to which no response is required.

26.     The allegations of this paragraph are legal conclusions to which no response is required.

27.     The allegations of this paragraph are legal conclusions to which no response is required.

28.     The allegations of this paragraph are legal conclusions to which no response is required.

29.     The allegations of this paragraph are legal conclusions to which no response is required.

30.     The allegations of this paragraph are legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

31.     Admitted.

32.     The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied.

33.     The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied.

34.     The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. The allegations of this paragraph are also conclusions of law to which no response is required.

35.     Denied as stated. It is admitted upon information and belief that Plaintiffs' property was damaged by Hurricane Michael on or about October 10,

2018. It is further admitted that PHH, through its predecessor, Ocwen Loan

Servicing, LLC ("Ocwen"), offered Plaintiffs a Temporary Forbearance

Agreement which required no payments on October 1, 2018, November 1, 2018,

and December 1, 2018 and required Plaintiffs to resume making payments of

$1,255.96 per month starting January 1, 2019. It is also admitted that servicing of

Plaintiffs' mortgage transferred from Ocwen to PHH as of February 1, 2019; that

Plaintiffs submitted a loss mitigation application to PHH on April 27, 2019; that

PHH denied Plaintiffs' loss mitigation application on September 19, 2019; that

Plaintiffs appealed this denial; and that PHH reversed its denial on appeal and

approved Plaintiffs for a loan modification on October 23, 2019. It is denied that

PHH cancelled any payment plan. PHH lacks knowledge or information sufficient

to form a belief as to the truth or falsity of any allegations regarding when or why

Plaintiffs decided to sell the property.

    36.    It is admitted upon information and belief that Plaintiffs submitted a

claim for the damage to their property caused by Hurricane Michael to their

insurance company. It is further admitted that Plaintiffs' insurance company issued

a series of checks jointly payable to Plaintiffs and PHH.

    37.    Admitted.

    38.    Denied as stated. It is admitted only that PHH sent Plaintiffs five

checks totaling $42,895.56 between March and July 2019 and retained a balance of

$45,344.14.

39.    Denied.

40.    PHH lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations regarding when or why Plaintiffs decided to sell the property and, therefore, the allegations in this paragraph are denied.

41.    Admitted upon information and belief.

42.    Admitted that Plaintiffs requested a payoff statement from PHH. The remaining allegations in this paragraph are legal conclusions to which no response is required.

43.    Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. PHH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding when or why Plaintiffs decided to sell the property. It is admitted only that Plaintiffs notified PHH that they intended to sell the property, provided a copy of the purchase and sale agreement, notified PHH that the closing on the sale was scheduled for December 17, 2019, notified PHH that Plaintiffs would not be completing repairs to the property, notified PHH that the buyers were buying the property with the unrepaired damage, and requested that PHH provide a payoff statement that included the remaining property insurance proceeds.

44.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that PHH provided Plaintiffs a payoff statement dated November 5, 2019, indicating a payoff amount of $125,853.05. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statement.

45.     Denied as stated. It is admitted only that PHH made a second request for a payoff statement that included the remaining property insurance proceeds. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statement.

46.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that PHH provided Plaintiffs a payoff statement dated November 11, 2019, with a payoff amount of $125,579.90. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statement.

47.     Denied as stated. It is admitted only that PHH made additional requests for payoff statements that included the remaining property insurance proceeds. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statements.

48.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that PHH provided Plaintiffs a payoff statement dated December 4, 2019, with a payoff amount of $126,734.80. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statement.

49.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. The allegations of this paragraph are also conclusions of law to which no response is required. It is admitted only that Plaintiffs submitted a letter to PHH dated December 20, 2019 purporting to be a Notice of Error under 12 C.F.R. § 1024.35. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statements.

50.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that Plaintiffs' December 20, 2019 letter included Plaintiffs' names and account number and requested that PHH include the remaining property insurance proceeds on a payoff statement.

51.     Denied.

52.     Denied.

53.    Denied as stated. It is admitted only that Plaintiffs' loan modification was inadvertently cancelled, an administrative error that was subsequently corrected.

54.    Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that Plaintiffs submitted complaints to the CFPB. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statements.

55.    Admitted.

56.    The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that Plaintiffs' loan modification was inadvertently cancelled, an administrative error that was subsequently corrected.

57.    The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. By way of further answer, PHH denies that it was required to include the remaining property insurance proceeds on the payoff statements.

58.    Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that PHH provided

- 11 -

Plaintiffs a payoff statement dated January 7, 2020, with a payoff amount of $127,365.96. PHH denies that it was required to include the remaining property insurance proceeds on the payoff statement.

59.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that PHH sent Plaintiffs a letter dated January 9, 2020, which included a payoff affidavit.

60.     Denied.

61.     Denied.

62.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. By way of further answer, PHH denies that it was required to include the remaining property insurance proceeds on the payoff statements.

63.     Denied as stated. The allegations of this paragraph refer to a written document, which speaks for itself and any incomplete or inconsistent characterizations thereof are denied. It is admitted only that Plaintiffs notified PHH of their intent to sell the property and requested that the remaining property insurance proceeds be included on a payoff statement. PHH denies that it was

required to include the remaining property insurance proceeds on the payoff

statements.

64.   Denied.

65.   Denied.

66.   The allegations of this paragraph refer to a written document, which

speaks for itself and any incomplete or inconsistent characterizations thereof are

denied. It is admitted only that PHH sent Plaintiffs a statement including the

remaining property insurance proceeds after Plaintiffs submitted an affidavit

authorizing PHH to apply the remaining property insurance proceeds to the

remaining balance due on Plaintiffs' mortgage loan, and that PHH issued a

satisfaction of mortgage after Plaintiffs completed the sale of the property.

## CLASS ALLEGATIONS

67.   The allegations of this paragraph are statements of the proposed class

Plaintiffs purport to represent and, as such, they are conclusions of law to which no

response is required. To the extent that any of these allegations are deemed factual,

PHH denies that Plaintiffs' proposed class is appropriate for class treatment under

the factors set forth in Fed. R. Civ. P. 23, and denies that it was required to include

the remaining property insurance proceeds on the payoff statements.

68.   The allegations of this paragraph are conclusions of law to which no

response is required. To the extent that any of these allegations are deemed factual,

PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23.

69.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23, and denies that it was required to include the remaining property insurance proceeds on the payoff statements.

70.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23.

71.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23.

72.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23, and denies that it was required to include the remaining property insurance proceeds on the payoff statements.

73.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23.

74.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23.

75.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that any of these allegations are deemed factual, PHH denies that this action may be certified as a class action under the factors set forth in Fed. R. Civ. P. 23.

## COUNT I

### (Violation of TILA and Regulation Z)

76.     PHH incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

77.     The allegations of this paragraph are legal conclusions to which no response is required. It is specifically denied that PHH was required to include the remaining property insurance proceeds on the payoff statements.

78.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

79.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

80.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

81.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

82.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent that any of these allegations are deemed factual, they are denied.

## **COUNT II**

### **(Violation of the New Jersey Consumer Fraud Act)**

83.     PHH incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

84.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required.

85.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required

86.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required

87.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required

88.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required

89.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required

90.     Plaintiffs' claims for violation of the NJCFA have been dismissed by order of the court dated March 9, 2021, and therefore no response to this paragraph is required

WHEREFORE, PHH demands judgment in its favor on Plaintiffs' claims, together with costs, attorneys' fees, and such other relief to which it is entitled.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against PHH upon which relief may be granted.

### SECOND DEFENSE

PHH has complied with the TILA and Regulation Z and is entitled to each and every defense stated in the TILA and any and all limitations of liability.

### THIRD DEFENSE

PHH is entitled to judgment in its favor to the extent that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

PHH is entitled to judgment in its favor to the extent that Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FIFTH DEFENSE

Plaintiffs' claims for damages are speculative and form no basis for recovery.

## SIXTH DEFENSE

There is no causal relationship between PHH's alleged conduct as described in the Complaint and any injuries or damages allegedly sustained by Plaintiffs.

## SEVENTH DEFENSE

Plaintiffs' alleged damages are the result of acts or omissions by other parties over whom PHH has no responsibility or control.

## EIGHTH DEFENSE

PHH did not breach any duty owed to Plaintiffs.

## NINTH DEFENSE

No action or inaction on the part of PHH, its agents, servants, employees, or representatives caused or contributed in any manner to the damages, injuries, and losses alleged in Plaintiffs' Complaint.

## TENTH DEFENSE

PHH did not commit any intentional, willful, or malicious acts.

## ELEVENTH DEFENSE

Plaintiffs lack standing to maintain this action under Article III of the United States Constitution to the extent Plaintiffs have not sustained any injury in fact.

## TWELFTH DEFENSE

All claims against PHH are barred by the terms of the agreements among the parties.

## THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## FOURTEENTH DEFENSE

The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## FIFTEENTH DEFENSE

Any claim for punitive damages violates PHH's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable state constitutions.

## SIXTEENTH DEFENSE

PHH reserves its right to set forth additional defenses if and when additional facts become known.

WHEREFORE, PHH demands judgment in its favor on Plaintiffs' claims, together with costs, attorneys' fees, and such other relief to which it is entitled.


Dated:  March 23, 2021                  */s/ Adam D. Brown*
                                        Joe N. Nguyen (Admitted *Pro Hac Vice)*
                                        Adam D. Brown (NJ ID 02465-2007)
                                        Christopher A. Reese (NJ ID 01207-2010)
                                        STRADLEY RONON STEVENS & YOUNG, LLP
                                        A Pennsylvania Limited Liability Partnership
                                        LibertyView
                                        457 Haddonfield Road, Suite 100
                                        Cherry Hill, NJ 08002
                                        Telephone: (856) 321-2400
                                        Facsimile: (856) 321-2415

                                        *Attorneys for Defendant, PHH Mortgage*
                                        *Corporation d/b/a PHH Mortgage Services*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam D. Brown, Esquire, hereby certify that on March 23, 2021, I caused

the foregoing Answer to be electronically filed via the Court's ECF system.  The

foregoing document is available for viewing and downloading from the PACER

system.  Electronic notice of this filing was sent to all counsel of record.


*/s/ Adam D. Brown*
Adam D. Brown